JAMES T. CORRIGAN & another[1] *vs.* BOARD OF APPEALS OF BREWSTER & another.[2]

No. 91-P-1479.

Barnstable. January 22, 1993. - November 23, 1993.

Present: BROWN, GILLERMAN, & GREENBERG, JJ.

*Subdivision Control*, Approval not required, Frontage on public way. *Zoning*, Access to public way. *Way*, Public: subdivision control.

A municipal planning board's endorsement pursuant to G. L. c. 41, § 81P, on a plan of land, "Approval under the Subdivision Control Law not required," did not operate to bind the town with respect to a zoning requirement that a buildable lot have the necessary frontage on a street, where the planning board never determined that the "existing travelled surface — Way (undefined)" shown on the subdivision plan was a "street" within the meaning of G. L. c. 41, § 81L (the same definition set forth in the zoning by-law). [516-518]

CIVIL ACTION commenced in the Superior Court Department on December 6, 1990.

The case was heard by *John Paul Sullivan*, J.

*Philip M. Cronin* for the plaintiffs.

*Edward E. Veara*, Town Counsel, for the defendants.

GILLERMAN, J. The inspector of buildings and zoning agent for the town of Brewster denied the plaintiffs' application for a building permit for their single residence lot. The plaintiffs' lot was originally part of a large tract of land in Brewster and Orleans owned by the parents of plaintiff James T. Corrigan (the parents will be referred to herein as the Corrigans). In 1969 the Corrigans had submitted a plan to the Brewster planning board which showed a division of a por-

---

[1]Jane P. Corrigan.

[2]The inspector of buildings and zoning agent of the town of Brewster.

tion of the tract into lots 1 and 2, both of which were in Brewster. Lot 1 is the plaintiffs' lot.

The 1969 plan was endorsed by the planning board with the words, "Approval under the Subdivision Control Law not required." See G. L. c. 41, § 81P (§ 81P endorsement). The plan shows a way adjacent to lot 1, described on the plan as an "existing travelled surface — Way (undefined)." An accompanying legend reads: "This way is subject to future formal layout by the Town of Brewster." The way appears to be separated from lot 1 by an intervening strip of land.

In 1981 the Corrigans prepared a new plan for lots 1 and 2 in anticipation of the conveyance of lot 1 to the plaintiffs. The planning board endorsed the plan as follows: "The undersigned, being the majority of the Planning Board of the Town of Brewster, hereby certify that the original 'Approval not required' plan of division of land as delineated hereupon, under date of July 1, 1969, has not been modified, amended, or rescinded, nor the plan changed." Later, at the direction of the Land Court, the planning board provided a § 81P endorsement together with the following legend: "No determination of compliance with zoning requirements has been made or is intended."

The building inspector denied the plaintiffs' application for a building permit on July 2, 1990, because the lot lacked frontage[3] on a "street" as that term is defined in the Brewster zoning code. Section 179.2 of the Brewster zoning code defines a "street" in the following ways: (i) a way over twenty-four feet in width which is dedicated to public use by any lawful procedure; (ii) a way which the town clerk certifies is maintained as a public way; (iii) a way shown on an approved, definitive subdivision plan; and (iv) "a way having in the opinion of the Brewster Planning Board sufficient width, suitable grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed uses of the land abutting thereon or served thereby, and for

---

[3]The Brewster zoning code requires that each lot, to be buildable, have sufficient frontage on a "street." The dimensional requirement for "frontage" is not at issue in these proceedings.

the installation of municipal services to serve such land and the buildings erected or to be erected thereon."[4] However, the decision of the building inspector only referred to the definition of "street" as a public way which is over twenty-four feet in width; his decision did not include any discussion of the possible applicability of the alternative definition of "street" quoted in (iv) above.

The zoning board of appeals, to whom the plaintiffs appealed, by a vote of three to two upheld the decision of the building inspector for the reason cited by the inspector, and a judge of the Superior Court ruled that the decision of the board of appeals did not exceed its authority.

The plaintiffs rely on the fact that in 1969, and again in 1981, the planning board gave the subdivision plan a § 81P endorsement. The issue presented to the Superior Court and to be decided by this court is the effect of that endorsement on the plaintiffs' application for a building permit.

The plaintiffs argue that the planning board could not have endorsed the plans showing the subdivision in 1969 and 1981 unless the board had concluded that the plans came within one of the exceptions set out in clauses (*a*), (*b*), and (*c*) of the definition of "subdivision" in G. L. c. 41, § 81L, namely, that the lots had frontage on (*a*) a way certified as a public way by the city or town clerk, (*b*) a way shown on a plan approved under the Subdivision Control Law, or (*c*) a way in existence prior to subdivision control and which, in the opinion of the planning board, had suitable width and grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land. Since clauses (*a*) and (*b*) are plainly unavailable, the planning board must have found that (*c*) was satisfied,[5] they argue, and that determination, which is made conclusive by statute, see G. L. c. 41, § 81X, necessarily constitutes the

---

[4]Unlike clause (*c*) in the definition of "subdivision" in G. L. c. 41, § 81L, referred to below in the text, the by-law contains no requirement that the way predate the effective date of the Subdivision Control Law in Brewster.

[5]There was testimony that the way shown on the plaintiffs' plan was in existence as early as the 1920's.

required favorable determination by the planning board under the Brewster zoning by-law, which, as we noted above, leaves it to the planning board to determine whether a putative street has sufficient width, suitable grades, and adequate construction for vehicular traffic.

The argument is appealing. If the planning board has in fact decided that a lot has adequate frontage on a "street" under § 81L of the Subdivision Control Law because it is adequate in all material respects for vehicular traffic, then it is wasteful, if not silly, not to extend that decision to the resolution of the same issue by the same board applying the same criteria under the Brewster zoning by-law.

Previous decisions of this court, nevertheless, have repeatedly pointed out that a § 81P endorsement does not give a lot any standing under the zoning by-law. See *Smalley* v. *Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 603 (1980). There we said, "In acting under § 81P, a planning board's judgment is confined to determining whether a plan shows a subdivision." *Id.* at 604. *Smalley*, however, involved a lot with less than the minimum area requirements, *id.* at 601, and we rightly rejected the argument that a § 81P endorsement would constitute a decision that the unrelated requirements of the Harwich zoning code had been met. See *id.* at 601-604.

Another decision of major importance is *Arrigo* v. *Planning Bd. of Franklin*, 12 Mass. App. Ct. 802 (1981). There we held that § 81L is not merely definitional, but imposes a substantive requirement that each lot have frontage on a "street" for the distance specified in the zoning by-law, or absent such specification, twenty feet, and that § 81R gives the planning board the power to waive strict compliance with the frontage requirements of § 81L, whether that requirement is twenty feet or the distance specified in the zoning by-law. We also held in that case that the waiver by the planning board under § 81R was valid only for purposes of the Subdivision Control Law and did not operate as a variance by the zoning board of appeals under the different and highly restrictive criteria of G. L. c. 40A, § 10. *Id.* at 806-808. *Ar-*

*rigo*, too, is different from the present case: there the criteria for the grant of the § 81R waiver by the planning board were different from the criteria for the granting of a § 10 variance, see *id.* at 804, 806-808. In *Arrigo*, there was no reason whatsoever to make the action of one agency binding upon the other.

Here, unlike *Smalley* and *Arrigo*, the subject to be regulated is the same for both the Subdivision Control Law and the Brewster zoning by-law (the requirement that the lot have frontage on a "street"), the criteria for a "street" are the same for both (a determination of the adequacy of the way for vehicular traffic), and the agency empowered to make that determination is the same (the Brewster planning board). The difficulty, however, is that the judge found — and we find nothing to the contrary in the record before us — that the Brewster planning board never in fact determined that the way relied upon by the plaintiffs was a "street" within the meaning of § 81L; the record is simply silent as to the route followed by the board in reaching its decision to issue a § 81P endorsement. Given the variety of possible explanations, we should not infer what the planning board did — as the plaintiffs would have us do — and certainly we will not guess as to the board's reasoning.

For this reason, the judgment must be affirmed.

*So ordered.*