KATHLEEN REAGAN & others *vs.* PLANNING BOARD OF BRAINTREE & another.[1] No. 93-P-1401. December 2, 1994. *Subdivision Control,* Approval not required, Planning board. *Practice, Civil,* Standing.

The defendant Braintree Property Associates (hereafter "shopping center" or "center") submitted to the planning board, for an "approval-not-required" (ANR) endorsement, a perimeter plan for a proposed single 106-acre lot comprised of the eighty-five acre parcel on which South Shore Plaza, a major shopping center, is situated, and a nonadjacent twenty-one acre parcel to which the center is connected by a subdivision roadway. An effect, the developers of the shopping center apparently hope, will be to convert the center's zoning status from nonconforming to conforming, thus enabling a planned expansion of the center to allow for more stores.

The plaintiffs, homeowners concerned by a potential increase in traffic flow through their neighborhood, which, although more than one half mile from the shopping center, is near one of its three or four major access routes, appealed from the board's split decision (3-2) giving the ANR endorsement. The plaintiffs claim that the shopping center does not own the connecting way and, hence, that the parcel depicted, not being in single ownership, cannot constitute a lot. A judge of the Land Court ruled both that the board acted properly and that the plaintiffs lacked standing to raise the issue.

---

[1]Braintree Property Associates, a limited partnership.

We agree with the latter ruling[2] and affirm on that limited issue, but without prejudice to the plaintiffs to claim standing in a zoning context. It is well settled that ANR endorsements give lots no standing under zoning ordinances or by-laws. See *Corrigan* v. *Board of Appeals of Brewster*, 35 Mass. App. Ct. 514, 517 (1993); *Shea* v. *Board of Appeals of Lexington*, 35 Mass. App. Ct. 519, 522-523 (1993), and cases cited. The application for the ANR endorsement involved no consideration of the use of the lot for subdivision control purposes, and, hence, at this stage, the plaintiffs' standing, predicated entirely on a particular use, is nonexistent. When necessary zoning approvals are sought, the judgment of the Land Court will not prevent the plaintiffs from asserting standing, although we do not intimate that the plaintiffs would be aggrieved persons as that term has been defined in the zoning cases. That is a question to be determined on the record developed if any zoning litigation should ensue.

*Judgment affirmed.*

*Richard L. Wainwright* for the plaintiffs.
*Carl K. King* for Braintree Property Associates.
*Arthur A. Smith, Jr.*, Town Counsel, for Planning Board of Braintree.

---

[2]We imply no disagreement with the judge's substantive ruling. It is hard to conceive of a one-lot perimeter plan as depicting a subdivision, and, unless it does, the planning board has no discretion. *Smalley* v. *Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 603 (1980).